**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOHN COLLEARY

Plaintiff                                    *

v                                            *           Civil Action No. PJM-09-2896

JOSEPH VALLARIO, JR.,                        *
and RICHARD COLLINS
                                             *
Defendants
                                            ***

## **MEMORANDUM**

The above-captioned case was filed on November 2, 2009, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion will be granted.

Plaintiff alleges that defense attorneys he retained for the sum of $19,000 to represent him in his criminal cases have refused to turn over the "unused portion" of the fee after his case was plea-bargained. Paper No. 1.

A legal malpractice claim is not a federal claim. It involves state law and application of state standards of review. As such, this Court does not have jurisdiction to hear the claim unless the matter meets the standards for diversity jurisdiction.[1] All of the parties named in the instant case are residents of Maryland; therefore, this Court's diversity jurisdiction does not apply.

To the extent that Plaintiff is claiming a constitutional violation in the context of his attorneys' representation, that claim must fail. Plaintiff may not collaterally attack the validity of

---

[1] Subject matter jurisdiction is conferred upon federal courts over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between "citizens of different States." 28 U.S.C. §1332(a)(1).

his conviction via a suit for damages under 42 U.S.C. § 1983 unless and until his conviction has been overturned or otherwise vacated. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (claims challenging the legality of a conviction are not cognizable in a § 1983 action unless the conviction is reversed, expunged, invalidated, or impugned). Litigation of Plaintiff's claim that his attorney's representation was constitutionally ineffective would challenge the legality of his conviction. Accordingly, the complaint shall be dismissed without prejudice.

|  |  |
|---|---|
| November 18, 2009 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |